

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 1 2013
CLERK, U.S. DISTRICT COURT
By
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID WHATLEY BELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-749-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David Whatley Bell, a state prisoner currently incarcerated in Angleton, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I. Factual and Procedural History

Petitioner is serving a 45-year sentence on his 1997 conviction for sexual assault of a child under 17 years of age in the 371st District Court of Tarrant County, Texas, Case No.

0621343D. (01State Habeas R. at 17[1]) He has been repeatedly denied release on parole by the Texas Board of Pardons and Paroles (the Board), most recently in November 2011. (Resp't Ans, Ex. B) Petitioner challenged the denial in a state habeas application, which was denied by the Texas Court of Criminal Appeals without written order. (04State Habeas R. at cover)

## II. Issues

Liberally construed, petitioner raises a due process challenge to the Board's denial and its procedures attendant to parole decisions. Specifically, petitioner asserts he has a protectible liberty and/or property interest in securing parole release because "Texas has a parole system that applies general standards of eligibility [and] prisoners justifiably expect that parole will be granted fairly and according to law whenever those standards are met." (Pet'r Mem. at 1, 5, 11-12; Pet'r Objections at 1) He also complains about various practices and procedures of the Board, including granting multiple set-offs and failing to apply the statutory "mandate criteria" in determining parole eligibility, require "substantial evidence" supporting its

[1] "01State Habeas R." refers to the court record of petitioner's state habeas application no. WR-39,804-01; "04State Habeas R." refers to the court record of his state habeas application no. WR-39,804-04.

decision, meet with prisoners concerning their progress and prospects for future parole, explain repeated denials instead of relying on the same "boilerplate" reasons, allow prisoners an opportunity to present "special considerations demonstrating" why they would be a good candidate for parole, and allow prisoners to verify the records before the Board. (Pet. at 6-7; Pet'r Mem. at 1-12)

## III. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c), that any challenge to the Board's denials prior to the most recent is barred by limitations under § 2244(d), and that the petition is not subject to the successive-petition bar under § 2244(b). (Resp't Ans. at 3)

## IV. Discussion

When reviewing applications for habeas corpus relief, federal courts will only review allegations of deprivations of federal rights. 28 U.S.C. § 2254(a). "The protections of the Due Process Clause are only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) (citing *Olim v. Wakinekona,* 461 U.S. 238,

250-251 (1983), *Jago v. Van Curen,* 454 U.S. 14, 16-18 (1981), *Meachum v. Fano,* 427 U.S. 215, 223-225 (1976), and *Jay v. Boyd,* 351 U.S. 345, 352-361 (1956)).

It is well settled that a state prisoner does not have a federal constitutional right to early release on parole. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). Further, the decision to parole or not to parole is discretionary under Texas law, and Texas parole statutes, past and present, do not create a protectible interest which would implicate constitutional considerations. TEX. GOV'T CODE ANN. § 508.001(6) (West 2012); *Johnson,* 110 F.3d at 308; *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana,* 65 F.3d at 32. Therefore, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir. 1981); *Orellana,* 65 F.3d at 31-32.

Because petitioner has no constitutionally protected liberty or property interest in obtaining parole, he cannot mount a challenge against any state parole decision or review procedure on procedural or substantive due process grounds. *Portley v.*

*Grossman,* 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman,* 482 F.3d 769, 773 (5th Cir. 2007); *Allison,* 66 F.3d at 73; *Orellana,* 65 F.3d at 32. Additionally, a denial of parole merely requires the prisoner to serve out the length of his sentence. The denial does not enhance or lengthen the sentence imposed upon the prisoner by the court. *Palmer v. Texas Bd. of Paroles*, 89 Fed. Appx. 857, 2003 WL 22945694 at *4 (5th Cir. Dec. 10, 2003). Parole is only an expectation that may be granted by the Board. *Greenholtz*, 442 U.S. at 11.

The state court's denial of habeas relief is in accord and is neither contrary to, or involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Therefore, petitioner is not entitled to federal habeas relief.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 1, 2013.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE